## SAM MADDEN V. STATE OF NEBRASKA.

FILED OCTOBER 23, 1931. No. 28004.

*Halligan, Beatty & Halligan* and *Milton C. Murphy,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *George W. Ayres, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and BLACKLEDGE, District Judge.

PER CURIAM.

Sam Madden was convicted and sentenced on a charge of burglary. He assigns numerous errors.

He was charged with breaking and entering the office of an ice and coal company and stealing therefrom $200 on November 16, 1930. There was evidence that on that night the safe of this company was burglarized of $360 in checks and $420 in currency and silver. One of the checks was a Union Pacific check for $182.61, drawn in favor of an engineer. The window of the building had been pried open. The safe had been opened by using a jimmy of some sort, after the combination and door had been reduced to a state where the door could be pried open.

The evidence proves a burglary. Madden argues that it is insufficient to convict him of the crime. One of the state's witnesses testified that the week before Thanksgiving Madden and another called on him at a hospital where he was a patient. They wanted to get the use of his truck. He refused. Later they called again, still wanting the truck. On this latter call, Madden, who was sitting on the bed, showed witness a roll of bills and two checks, one of which witness saw. He testified: "It was a Union Pacific check and was for about $182, I think."

Two iron bars were testified to and were received in evidence. They were found in a hole under the floor in one of the rooms occupied by defendant at the time of the burglary. They were found not long after the burglary and soon after defendant had moved out of the apartment. A witness had tested one of the bars on the window as well as on the safe to see if it could have been used in the burglary. He testified that one of the bars fitted into the dent made in prying open the window; the bar had red marks on it and the window was painted the same color; "The bottom groove on the bar where it is battered corresponds with the bottom one on the inside of the safe door; * * * In between the outer safe door and the inside of the safe the bar mark corresponds, the same width as this bar."

Another witness testified that about a week after the burglary Madden came to her house about 10 o'clock at night and asked admittance, stating he was nearly frozen and had "been hiding out two nights away from them damn cops."

These and other circumstances were sufficient to submit to the jury and to justify the verdict of these triers of the facts. The credibility of all witnesses is for the jury.

Defendant also complains because his witness, a locksmith, was not permitted to answer the question, "Could that safe have been pried open in the first instance with these bars?" The evidence shows the combination was first rendered ineffective to keep the doors bolted and that some bar was then used to pry the doors open. It is evi-

dent the bars could not have pried open the safe "in the first instance" and there was no proof by the state that they had been used until after the doors had been put out of commission save as the bars might be used as levers to open them. Also the defendant's witness had made comparisons of the bars and the marks on the safe and it was for the jury rather than the locksmith witness to reach a conclusion as to whether the bars could have pried open the safe.

It is complained because, in an instruction to the jury that verbal statements or admissions should be received with caution, the court failed to precede the word "caution" with the word "great." The instruction carefully stated the reasons for caution in considering such statements. In all the circumstances of this case, we do not think the failure to use the adjective was prejudicially erroneous.

Various other errors are assigned. We have examined them and do not find that the legal rights of the defendant were prejudiced. The defendant had a fair trial and is concluded by the verdict of the jury. The judgment of the district court is

AFFIRMED.